IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| GEORGE and DEBORAH CLIFFORD, | ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO: |
| vs. | ) ) JURY TRIAL DEMANDED |
| FEDERAL EMERGENCY MANAGEMENT AGENCY; and DEANNE CRISWELL, in her official capacity as Administrator of the Federal Emergency Management Agency, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# COMPLAINT

George and Deborah Clifford ("Plaintiffs"), by and through their undersigned attorney, state and allege as follows:

## JURISDICTION AND VENUE

1.

This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. 4001 *et seq*.; and federal common law.

2.

This breach of contract action involves a federal flood insurance policy that FEMA provided to Plaintiffs pursuant to the NFIA.

3.

Pursuant to 42 U.S.C. § 4072, federal courts have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4.

Federal courts have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter involves an insurance contract that was issued pursuant to the National Flood Insurance Act of 1968, as amended, and thus this matter involves federal questions—including the application of federal statutes and federal regulations.

5.

This Court also has jurisdiction because the parties contractually agreed that Plaintiffs must bring any claims related to this insurance policy in this Court because the insured property (identified more fully below) is located in the Southern District of Alabama.

6.

Venue of this action is proper in the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b).

## **THE PARTIES**

7.

At all times relevant hereto, Plaintiffs were the owners of the property located at 24427 Gulf Bay Rd., Orange Beach, Baldwin County, Alabama 36561 (the "Property").

8.

FEMA is a federal agency under the United States Department of Homeland Security ("DHS") that administers and issues flood insurance policies pursuant to the National Flood Insurance Program ("NFIP") and the NFIA.  FEMA is thus a properly named Defendant herein.

9.

The Administrator is a proper party to this action pursuant to 42 U.S.C. § 4072, which authorizes suit against the Administrator of FEMA in her official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim. See also 44 C.F.R. §§ 61, App. A(1), Section VII(R) and 62.22.

## FACTUAL BACKGROUND

10.

On or about September 16, 2020, Hurricane Sally, a destructive category 2 hurricane came ashore along the Alabama Gulf Coast which resulted in substantial, long-duration flooding at the Property (the "Flood").

11.

The Property sustained direct physical loss caused by and from the Flood.

12.

The Policy at issue is a Standard Flood Insurance Dwelling Policy covering the Property given NFIP Policy Number 3000282363 (the "Policy") . A copy of the Policy declarations pages are attached hereto as Exhibit "A".

13.

Plaintiffs fully performed all duties and obligations in accordance with the Policy, including making all premium payments, complying with all conditions as required under the terms of the Policy, and furnishing accurate information and statements.

14.

The Flood damaged the Property and Plaintiffs' personal property in the Property. Plaintiffs' have incurred and will incur substantial cost and expense to restore the Property and their personal property to its pre-loss condition.

15.

Plaintiffs timely reported their losses to FEMA.

16.

Following the Flood, FEMA hired and sent an adjuster to the Property, and that adjuster, together with FEMA's approval, prepared a damage estimate and Proof of Loss form that failed to comply with the provisions of the Policy, FEMA's general company claims handling standards, and/or with NFIP claims manuals.

17.

Plaintiffs were forced to sign and submit a Proof of Loss based on the insurance adjuster's inspection of the Property in order to receive an initial damage assessment payment.

18.

Ultimately, Plaintiffs realized that numerous covered items had been omitted or underpaid by FEMA.

19.

Because the adjuster's Proof of Loss and FEMA's payments based on it failed to adequately compensate Plaintiffs for all covered losses, Plaintiffs retained independent experts to evaluate the extent of the loss caused by and from the Flood.

20.

The experts found conclusive evidence that the flood event critically damaged Plaintiffs' covered property in an amount and scope far greater than what was found by FEMA's adjuster.

21.

These covered damages were thoroughly documented. Plaintiffs submitted a valid and timely Proof of Loss and supporting documentation, including a room-by-room, line-by-line, unit cost damage estimate, to FEMA for review.

22.

Despite receipt of documentation evidencing FEMA's substantial underpayment, FEMA has unfairly and improperly persisted in denying these claims, which are due under the policy.

## **COUNT I – BREACH OF CONTRACT**

23.

Plaintiffs repeat and re-allege each and every allegation set forth above as if fully set forth herein.

24.

Plaintiffs and FEMA entered into an insurance contract when Plaintiffs purchased and FEMA issued the Policy.

25.

The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiffs for, among other things, physical damage and loss to the Property and their personal property by and from flood.

26.

Plaintiffs fully performed under the contract by paying all premiums when due, satisfying all Policy requirements, and cooperating with FEMA regarding the flood insurance claim at issue in this lawsuit. Plaintiffs complied with all conditions precedent to recovery by paying all premiums, timely notifying FEMA of loss, and by providing timely and satisfactory Proof of Loss.

27.

This is an action for damages as a result of FEMA's breach of the Policy, an insurance contract.

28.

The Flood physically damaged and changed the Property.

29.

FEMA materially breached the insurance contract when it wrongly failed to pay Plaintiffs for damages directly caused to the Property and Plaintiffs' personal property by or from the Flood. Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

30.

By virtue of its various breaches of contract, including its failure to pay Plaintiffs for Plaintiffs' covered losses, FEMA is liable to and owes Plaintiffs for the actual damages Plaintiffs sustained as a foreseeable and direct result of the breach and all costs associated with recovering, repairing, and/or replacing the covered property in accordance with the Policy, together with interest and all other damages Plaintiffs may prove as allowed by law

**WHEREFORE,** Plaintiffs respectfully requests that this Court enter judgment in Plaintiffs' favor for all such amounts Plaintiffs proves at trial, for expenses, for prejudgment and post-judgment interest as provided by law, and for all other relief this Court may deem just and proper.

### Jury Trial Demand

Plaintiffs demand a trial struck by jury on all issues.

Respectfully submitted this 22nd day of September, 2021.

**MORGAN & MORGAN**

*/s/ Max Compton*

_____
William Maxwell Compton (COM025)
Attorney for Plaintiffs

25 Bull Street, Suite 400
Savannah, GA 31401
Direct:  912-443-1017
Fax:  912-443-1184
MCompton@forthepeople.com